Nathan M. Smith (023471)
Nathan@Ariano.legal
ARIANO & ASSOCIATES
7600 North 15th Street, #150
Phoenix, Arizona, 85020
Tel. 602.666.0050
Fax 602.660.0277
Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Nadia Kelso., an individual, | No. _____ |
| Plaintiff, | **COMPLAINT** |
| | (Jury Trial Demanded) |
| vs. | |
| D.B. Chamberlin & Associates, L.L.C. d/b/a Chamberlin & Associates, Defendant | |

Plaintiff Nadia Kelso, through her attorney, alleges that:

**JURISDICTION AND VENUE**

1.    Jurisdiction in this Court is authorized by 28 U.S.C. § 1331.  The Court has jurisdiction because one of  the claims arises out of Title 7 of the Civil Rights Act of 1964.

2.    Jurisdiction is authorized by 42 U.S.C. § 2000e-5 because Plaintiff presented her charge to the EEOC within 300 days of the adverse action and filed his complaint within 90 days of receipt of a right to sue letter.

3.    This Court is an authorized venue for this action because the alleged conduct at issue that gives rise to the Complaint occurred in the State of Arizona, Maricopa County. 28 U.S.C. § 1391(b).

## THE PARTIES

4.    Plaintiff Nadia Kelso is an individual who worked and resided in Maricopa County, Arizona during all times material to her complaint.

5.    Defendant D.B. Chamberlin & Associates is a limited liability company registered and doing business in Maricopa County, Arizona as Chamberlin & Associates.   Plaintiff is informed and believes and thereon alleges that Defendant employs more than 50 employees.

## PERTINENT FACTS

6.    Nadia Kelso was employed as a manager at Chamberlin & Associates from November 19, 2015 through December 3, 2015.   Ms. Kelso performed her job duties satisfactorily at all times.

7.    Almost immediately after starting work at Chamberlin & Associates, Ms. Kelso was sexually harassed by her immediate supervisor, Daniel Rodas.  Mr. Rodas repeatedly harassed her by asking questions about her marriage and telling her that if  she was nice to him she would be "taken care of."   He suggested that she have a romantic relationship with him.  Much of this harassment would happen in his office, behind closed doors.

8. Ms. Kelso complained to Mr. Rodas that his conduct was unacceptable but it continued.

9. On or around November 30, 2015, Ms. Kelso reported Mr. Rodas's conduct to the co-owner of the business, Flor Arpasio.

10. Rather than taking remedial action, Ms. Arpasio made excuses for Mr. Rodas's conduct.

11. Within days of my complaint I was demoted from manager to assistant manager and transferred to a different location.

12. On information and belief, this transfer and demotion were done in retaliation for my report of Mr. Rodas's conduct.

13. Despite the transfer and demotion, the harassment continued from Mr. Rodas, who continued to email and text Ms. Kelso.

14. As a result of the ongoing harassment working conditions became intolerable Ms. Kelso was constructively discharged.

## DEMAND FOR JURY TRIAL

15. Plaintiff demands a jury trial on all counts.

## COUNT I

### Sex-Based Discrimination in Violation of Title VII

16. Plaintiff incorporates by reference all previous allegations as though set forth fully herein.

17. Defendant was at all times an "employer" within the meaning of 42 U.S.C. § 2000e(a).

18. Defendant intentionally discriminated against Ms. Kelso on account of her sex, in violation of Title VII of the Civil Rights Act of 1964 by denying Ms. Kelso equal terms, conditions and privileges of employment.   Ms. Kelso was sexually harassed and demoted after reporting the harassment.

19. As a direct result, Ms. Kelso suffered mental and physical harm, shame, embarrassment and lost compensation.

20. Defendant's conduct described above was aggravated, outrageous and guided by an evil mind; accordingly, Ms. Kelso is entitled to an award of punitive damages against Defendants.

## COUNT II

### Retaliation in Violation of Title VII

21. Plaintiff incorporates by reference all previous allegations as though set forth fully herein.

22. Defendant was at all times an "employer" within the meaning of 42 U.S.C. § 2000e(a).

23. Defendant retaliated against Ms. Kelso by transferring, demoting and constructively discharging her because she reported sexual harassment in violation of Title VII of the Civil Rights Act of 1964.

24. As a direct result, Ms. Kelso suffered mental and physical harm, shame, embarrassment and lost compensation.

25.    Defendant's conduct described above was aggravated, outrageous and guided by an evil mind; accordingly, Ms. Kelso is entitled to an award of punitive damages against Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

A.    For an award of economic damages in an amount sufficient to make Plaintiff whole for past and future lost income and benefits and other economic losses suffered by Plaintiff resulting from Defendants' conduct;

B.    For an award of compensatory damages for mental anguish, emotional distress, pain and suffering, humiliation, inconvenience, harm to reputation, loss of enjoyment of life and other losses incurred by Plaintiff as a result of Defendants' conduct.

C.    For an award of punitive damages;

D.    For an award of attorneys' fees and related expenses;

E.    For an award of prejudgment and post-judgment interest;

F.    For an award of Plaintiff's costs of suit; and

G.    For such other relief as the Court may deem just and proper.

Dated this 30th day of June, 2017,

/s/Nathan M. Smith_____

Nathan M. Smith
Attorney for Plaintiff

Complaint and Demand for Jury Trial - 5